In re
Estate of Thomas Quinn } Eq. No. 11791.

February 18, 1935.

WALSH, J. Heard on request of trustees for instructions.

(1.) The trustees are permitted to charge off former assets, to-wit: mortgages and stocks set forth in Ward, Fisher & Company's report, after they have made diligent effort to collect the losses on the same from William J. Carter Estate, the Carter Realty Company, Thomas J. Quinn or any other person, corporation or copartnership, which may in any way be responsible for the dissipation of the assets of the estate either through misconduct, negligence or for any other reason.

(2.) By a liberal construction of paragraph eleven of the amended will of Thomas Quinn, we are inclined to hold that the trustees are authorized to pay the sum of Fifteen Dollars ($15) per week to the heirs from principal if there be insufficient income, especially if said heirs are in need of such sums for their support and maintenance.

(3.) Until the present trustees have exhausted all reasonable means of procuring for the estate the assets alleged to have been lost by the trustees because of their failure to exercise the option on the Beckwith land, so-called, we feel that a special trust fund for Genevieve Novato should not be set up at the present time. This finding is made without prejudice to the right of the present trustees to renew the request when the circumstances warrant such action.

(4.) The trustees are authorized to deduct from moneys due the heirs as per Ward, Fisher & Company's report such sums as have been paid to said heirs in excess of the amounts due them from the general trust fund.

(5.) The account of Ward, Fisher & Company showing receipts, expenditures, etc., of the Estate of Thomas Quinn to October 31, 1934, filed by the trustees of said estate, is hereby allowed.

(6.) The matter of fees, disbursements and counsel fees of the trustees is continued subject to further order of this Court.

In view of the fact that the report of the accountants shows that the assets of this trust estate are shrinking in value and that the expense of operating the same in the hands of trustees is resulting in an annual deficit, it is strongly urged that the trustees reduce, as soon as possible, the assets in their hands to liquid form, having in mind the best interests of the estate and the heirs and disposing of the same in the best possible market. The trustees may feel free to ask the advice and instruction of this Court in this connection at any time.

If the trustees so desire, an order may be entered in accordance with these instructions.

Charles A. Kiernan, Esq., Sol. for Mary Butler, heir.

Thomas J. Flynn, Esq., Sol. for Katherine M. Kenney, heir.

Ernst T. Voigt, Esq., Trustee.

Philip Goldberg, Esquire, Sol. for Thomas Quinn, Trustee.

Raymond J. McMahon, Esquire, Sol. for Lawrence F. Crotty, Trustee.